[No. 13553.   Department One.   January 29, 1917.]

MALCOLM MORRISON, *Respondent*, v. CONLEY TAXICAB
COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS — AUTOMOBILES — COL-
LISION—CONTRIBUTORY NEGLIGENCE.   An employee of a street car com-
pany required to work in the line of traffic in a street, clearing snow
and ice from the rails at a switch, is not guilty of contributory negli-
gence in failing to keep a lookout, where he was struck by an auto-
mobile while his back was turned, and there was evidence that no
horn was blown, the automobile lamps were not lit, and the car
could have been stopped within seven or eight feet if the driver had
seen the plaintiff.

Appeal from a judgment of the superior court for Spo-
kane county, Edward H. Wright, J., entered February 1,
1916, upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries sustained through
a collision with an automobile.   Affirmed.

*John M. Gleeson*, for appellant.

*Don F. Kizer*, for respondent.

CHADWICK, J.—At about half past six o'clock in the
morning of December 28, 1914, plaintiff was struck by an
automobile owned by appellant.   Plaintiff was employed
by the Spokane Street Railway Company in sweeping snow
from the car tracks on Monroe street, a few feet north of
the intersection of Bridge street.   There had been a new
fall of about six inches of snow during the night, and a
snow plow had been driven over the track.   It was the duty
of the plaintiff to sweep the rail clear and pick out the
ice and snow from around the switch tongue.   While en-
gaged in his work, he was facing north.   The car approached
from the south.   Just before he was struck, he was stooping
over, engaged in clearing the switch tongue.   He raised
himself to his full height, and was almost immediately struck

[1]Reported in 162 Pac. 365.

by the car. There is sufficient in the record to warrant the finding of the jury that no horn was sounded, and it was possible for the jury to find, also, that the lamps on the automobile were not lit.

Appellant relies upon that line of cases, of which *Jones v. Wiese,* 88 Wash. 356, 153 Pac. 330, is a type, holding that it is incumbent upon a pedestrian to take some care for his own safety, and that if he negligently puts himself in the way of traffic, and is injured, his injury will be attributed to his own negligence, and a recovery denied him.

Respondent was on the street at a time when there was but very little traffic. His labor demanded that he work on the side of the street that was in the path of traffic. The driver of the automobile might have seen him in ample time to stop his machine. He says he could have stopped it in seven or eight feet at the rate he was going, but that he did not see respondent.

We think the holding of the court in *Lewis v. Seattle Taxicab Co.,* 72 Wash. 320, 130 Pac. 341, is conclusive of respondent's right to recover:

"The degree of care required of such a person of course varies with the circumstances. It depends largely upon the place and upon the condition of the street; whether the street is crowded with traffic or comparatively free therefrom; whether he enters the street at a place usually used by travelers on foot, and perhaps on many other conditions, but the degree of care required is ordinary care under the circumstances, and this as we say may be vastly different from ordinary care with reference to crossing fixed tracks upon which railway or street cars are operated."

See, also *Budman v. Seattle Elec. Co.,* 61 Wash. 281, 112 Pac. 356; *Hillebrant v. Manz,* 71 Wash. 250, 128 Pac. 892; *Mickelson v. Fischer,* 81 Wash. 423, 142 Pac. 1160.

Exceptions are taken to some of the court's instructions, but we find no prejudicial error in them.

Affirmed.

ELLIS, C. J., MORRIS, MAIN, and FULLERTON, JJ., concur.