[No. 17970. Department Two. June 30, 1923.]

## CHARLES E. BURNS, *Respondent*, v. PAUL H. JOHNS et al., *Appellants*.[1]

MUNICIPAL CORPORATIONS (384, 391)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. It cannot be said, as a matter of law, that a city linesman, struck by an automobile, in the daytime, was guilty of contributory negligence in standing thirteen feet from the curb to swing a wire over a tree, on a pavement 55 feet wide, where there was but little traffic.

MASTER AND SERVANT (121-2)—REMEDIES UNDER WORKMEN'S COMPENSATION ACT—ELECTION—"PLANT" OF EMPLOYER—CITY STREET. The paved portion of a city street, used for travel, which is not necessary for the care and upkeep of the city's electric light and power system, the wires of which were carried on poles at the margin of the street, is not a part of the "plant," within Rem. Comp. Stat., § 7675, giving an employee injured away from the "plant" an election to sue the wrongdoer for his personal injuries, instead of taking compensation under the industrial insurance act.

SAME (121-2). The fact that a city linesman, engaged in stringing wires for the city's light and power system, carried on poles at the margin of the street, was struck while he was standing in the street thirteen feet from the curb, to swing a wire over a tree, and was doing work closely connected with the "plant" of his employer, does not establish that he was injured at the "plant," or defeat his right to elect to sue the wrongdoer, under Rem. Comp. Stat., § 7675, instead of taking compensation under the industrial insurance act.

SAME (121-2)—LIBERAL CONSTRUCTION. Rem. Comp. Stat., § 7675, giving a workman, injured "away from the plant," the right to elect to sue for damages instead of taking compensation under the industrial insurance act is to be liberally·construed.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered December 9, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action by a municipal employee struck by an automobile. Affirmed.

[1]Reported in 216 Pac. 2.

*Bates & Peterson* and *Burkey, O'Brien & Burkey,* for appellants.

*E. N. Eisenhower* and *John E. Gallagher,* for respondent.

FULLERTON, J.—The city of Tacoma owns and operates an electric light and power plant. It generates the electricity necessary for its uses and distributes it to its consumers by means of appliances usually used in such cases. On Tacoma avenue, it has a system of wires fastened to the top of poles set on the margin of the avenue. The part of the avenue opened for public travel is paved for a width of some fifty-five feet, and the poles mentioned are so placed as not to interfere therewith. The respondent, Burns, was an employee of the city; his duties being to assist in and superintend the repair of the existing system, and to assist in and superintend such additional construction as the needs of the system from time to time required.

For a part of the distance along the avenue over which the poles and wires extend, there are shade trees on the margin of the street, over the tops of which the wires extend. On October 19, 1921, the respondent, with a crew of men, was engaged in placing an additional wire on the poles along the avenue named. The manner in which the work was performed is not very fully depicted in the record, but it can be gathered from what is shown that the wire was first laid on the ground near the bottom of the poles, from whence it was carried to the top of each several pole as the same was reached, drawn tight and fastened. In the places where the shade trees intervened, owing to their spreading branches, the work of placing and fastening the wire could not be done by a direct lift; it being necessary to first place the wire on the tops of the

trees. In order to so place it, the respondent would go for some distance in advance of the pole to which it was immediately to be fastened, take hold of the wire, carry it out into the traveled portion of the street, and by a swinging motion throw it on to the tops of the trees. On the day named the respondent had gone forward in the usual manner, seized the wire and carried it into the traveled part of the street, and was in the act of swinging the wire, or preparing to swing it, when he was struck by an automobile owned by the appellants, Johns, and driven by their minor son. The striking resulted in very severe injuries to the respondent.

The business in which the respondent was engaged is extra hazardous, within the meaning of the workmen's compensation act; and, as the city of Tacoma had not made provision for compensating its municipal employes injured in the course of their employment, but had elected to provide for them under the compensation act, the respondent was entitled to compensation thereunder. He conceived, however, that the cause of his injury was such as to entitle him to elect whether he would take under the compensation act or seek his remedy against the persons responsible for his injury, and consequently elected to sue the appellants. He recovered in the court below, and this appeal is from the judgment entered in his favor.

The appellants make two principal contentions for reversal. These are, stating them inversely to the order in which they are stated in the briefs, first, that the respondent was guilty of negligence materially contributing to his injury; and, second, that he had no right of election under the terms of the compensation act, but was bound to take thereunder.

The first of these contentions requires no extended

consideration.    At the time of the injury, there was
little or no traffic upon the street.    It was broad day
light.    The respondent went into the street for a dis-
tance of only thirteen feet, leaving an ample and un-
obstructed passage way between his standing place
and the opposite curb of the street.    His work there
was but temporary.    He was where he had the right
to be while performing it.    Seemingly, no one driving
a vehicle upon the street and exercising even the slight-
est degree of care could fail to see him.    Clearly, there-
fore, it cannot be said, as matter of law, that he was
guilty of such contributory negligence as to prevent a
recovery.    The question was for the jury under the
evidence, and their finding is in consequence conclu-
sive upon this court.    *Budman v. Seattle Elec. Co.*, 61
Wash. 281, 112 Pac. 356; *Burger v. Taxicab Motor Co.*,
66 Wash. 676, 120 Pac. 519; *Morrison v. Conley Taxi-
cab Co.*, 94 Wash. 436, 162 Pac. 365.

The second contention is founded upon the terms of
the workmen's compensation act.    The general pro-
visions and purposes of the act are sufficiently familiar
as not to require particular restatement here.    Gen-
erally, it withdraws from private controversy all ques-
tions with respect to the compensation to be paid a
workman injured while in the course of his employ-
ment, and relegates him to a fund created for that pur-
pose.    The act, however, contains the following pro-
vision (Rem. Comp. Stat., § 7675) [P. C. § 3470]:

"Workman means every person in this state, who
is engaged in the employment of an employer coming
under this act whether by way of manual labor or other-
wise, and whether upon the premises or at the plant
or, he being in the course of his employment, away
from the plant of his employer: Provided, however,
that if the injury to a workman occurring away from
the plant of his employer is due to the negligence or

wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section   .   .   ."

It is plain from the facts recited that the respondent was injured while in the course of his employment, and that his injury was due to the negligence or wrong of another not in the same employ.   It is equally plain from the provisions of the compensation act which we have quoted that, if the injury occurred away from the plant of his employer, the respondent had the right of election whether to take under the compensation act or to seek his remedy against the persons responsible for the act causing his injury.   So that the single question for determination is, did the injury occur away from the plant of the respondent's employer.

Counsel have given considerable space in their arguments to a discussion of the question what constitutes the plant of an electric light and power system.   But we find it unnecessary to enter upon a discussion of the question.   If it be conceded that the poles and wires of an electric plant placed on the margin of the highways for the purpose of carrying the electric energy generated at the plant proper to the consumers of that energy be a part of the plant, there still remains the question whether the respondent was at the time of his injury at or away from the plant.   It is our opinion that he was away from it.   If these poles and wires constitute a part of the plant, the extent of the plant must be limited to the space they occupy, or, at most to such space surrounding and beneath them as is necessary and convenient for their care and upkeep. Manifestly, it cannot be held that the portion of the highway reserved and kept open for the use of the

public forms a part of the plant; for this would be to hold that the highway is constructed on the property of .the plant, instead of to hold what plainly is the fact, that the electric plant is constructed on the highway. Now the respondent at the time of his injury was on the paved portion of the street. In this instance, neither the poles nor the wires in any manner encroached thereon. A plant of any kind must have boundaries and these boundaries must be inflexible and limited, otherwise it could never be known whether a workman was or was not away from the plant. As matter of fact, therefore, the respondent was away from the plant at the time of the injury, and we think this the sole test contemplated by the statute. No matter what may be the work in which the workman is engaged, nor how closely it may be connected with the plant, if he is in fact away from the plant and is injured under the circumstances the respondent was injured in this instance, he has the right of election. The respondent's situation was no different than it would have been had he been injured at the place he was injured while approaching the plant for the purpose of taking up his work; nor different than it would have been had he left his work on the plant and walked across or along the street for the purpose of getting some tool or appliance necessary for use on the work. Plainly, under either of these circumstances, his injury would be held to have occurred away from the plant, and we can see no difference between these and his actual situation.

The right of election is a valuable right to the workman, and, to secure it to him, the act should receive the same liberal construction that is required to be given to other parts of the act in order to secure his

rights thereunder. This we held in the case of *Carlson v. Mock,* 102 Wash. 557, 173 Pac. 637, wherein we said:

"In view of the purposes of the act, it would seem that this proviso [the proviso above quoted] is entitled to the same liberal construction in favor of the workman as is the remainder of the act, to the end that the workman may have his election as therein provided and may, in all cases falling under the proviso, determine for himself whether to take under the act the certain benefits which it affords, or, if he thinks it more to his advantage, to relieve the insurance fund and the industry of the burden of compensating him and seek relief directly against the person at fault.

. . .

"To hold with the respondent's conclusions [in this case, the appellants'] would be to deny a right of election, a valuable right given to the workman by the statute, and place upon the industry a burden of which the workman by his election may relieve it, and to say to those who negligently or recklessly use the public streets, 'You may not be brought to the bar of justice to answer for such acts as these by the person injured, but only through a deferred and delayed action brought by the state after all private rights have been satisfied from the insurance fund.'"

Our conclusion is that there is no error in the record. The judgment will, therefore, stand affirmed.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ, concur.