[No. 1764-3.   Division Three.   July 21, 1977.]

ORVAL L. TAYLOR, *Appellant,* v. LAURENCE W. CADY, ET AL, *Respondents.*

*Ted Roy* and *Hovis, Cockrill & Roy,* for appellant.

*Walter G. Meyer, Jr.,* and *Halverson, Applegate, McDonald, Bond, Grahn, Wiehl & Almon,* for respondents.

GREEN, J.—Plaintiff appeals from a summary judgment dismissing his complaint for personal injuries. The trial court determined that both plaintiff and defendant,

Laurence W. Cady, were acting within the scope of their duties as employees of a common employer and, therefore, the action is barred by RCW 51.24.010. Plaintiff assigns error to this determination. We affirm.

At the time of the injury, plaintiff and defendant were both employed by Garrett Freight Lines, Inc., in Yakima. Plaintiff was a truck driver for the company. Defendant, the manager of the terminal office, was a salaried employee responsible for the operations between Prosser and Cle Elum. His normal daily duties included operation of the local office, sales, and traveling in and out of the terminal office to various points in his area on business for which he was reimbursed by the mile for out-of-town travel and a fixed amount per week for local travel. Defendant's workday usually ended between 6 and 7 p.m., when he normally left the office to make a night banking deposit for Garrett Freight Lines.

On January 7, 1974, around 6:30 or 7 p.m., defendant left his office intending to make the bank deposit on his way home. He started his car which was parked in the employee–patron parking area, but was called back to the office to answer a phone call on the company's private long–distance line. He left the car running, went back to the office, took the call and corrected a dispatch. During this time, plaintiff was on shift performing his normal duties and was coupling a tractor–trailer together in the truck parking area located immediately west of the employee–patron parking area. Defendant's car rolled backward from its parked position and struck plaintiff, causing various injuries. Plaintiff drove home after the accident and then to the hospital. He stated that approximately 15 minutes after the accident, he saw defendant's car parked at a local tavern–restaurant.

RCW 51.24.010[1] allows actions for negligence by one

---

[1]RCW 51.24.010:

"If the injury to a workman is due to negligence or wrong of another not in the same employ, the injured workman . . . shall elect whether to take under this title or seek a remedy against such other . . ."

employee against another not in the same employ. If both employees have a common employer but the negligent employee is not acting in the course of his employment at the time the injury occurs, he is not immune from suit. *Olson v. Stern*, 65 Wn.2d 871, 400 P.2d 305 (1965).

RCW 51.08.013 provides:

> "Acting in the course of employment" means the workman acting at his employer's direction or in the furtherance of his employer's business which shall include time spent going to and from work on the jobsite, as defined in RCW 51.32.015 and 51.36.040,[2] insofar as such time is immediate to the actual time that the workman is engaged in the work process in areas controlled by his employer, *except parking areas,* and it is not necessary that at the time an injury is sustained by a workman he be doing the work on which his compensation is based . . .

(Italics ours.) Plaintiff argues that the statutory definition of "acting in the course of employment", which includes time *going to and from work on the jobsite,* except parking areas, subjects defendant to liability *even if* he was on a business errand for the employer requiring the use of an automobile that was parked in a parking area before and after the errand. Carrying this argument to its logical conclusion, an employee could never be acting in the course of employment in a parking area, unless that area was in fact the employee's *actual* jobsite, *i.e.,* painting white lines or something similar. We disagree.

---

[2]RCW 51.32.015 and RCW 51.36.040 state:

"The benefits . . . shall be provided to each workman receiving an injury . . . during the course of his employment and also during his lunch period as established by the employer while on the jobsite. *The jobsite shall consist of the premises as are occupied, used or contracted for by the employer for the business or work process* in which the employer is then engaged: *Provided,* That if a workman by reason of his employment leaves such jobsite under the direction, control or request of the employer and if such workman is injured during his lunch period while so away from the jobsite, the workman shall receive the benefits as provided herein . . ." (Italics ours.)

■ An intensive review of the cases and history of this statute in *Hamilton v. Department of Labor & Indus.*, 77 Wn.2d 355, 462 P.2d 917 (1969), reveals that previously an employee injured while on the employer's premises, but not at his designated jobsite, was not covered by workmen's compensation. RCW 51.08.013 evolved to cover those instances where the employee is proceeding either to or from his actual jobsite while on the employer's premises, but it specifically excluded parking areas. Hence, for the purpose of receiving workmen's compensation benefits, one is "acting in the course of employment" while on the employer's premises going to and from the jobsite except for parking areas.

However, the statutory definition excepting parking areas does not mean that one can never be acting within the course of his employment while in a parking area or that a parking area cannot be a jobsite. If the parking area is a jobsite for a negligent employee, or a negligent employee is acting within the course of his employment while in the parking area, an action for injuries caused there by such employee is barred by the grant of immunity. *See Olson v. Stern, supra* at 877. In *Olson,* although the acts of the negligent employee occurred in a parking area, the court nevertheless made a determination as to whether such employee was "acting at his employer's direction or in the furtherance of his employer's business." In that case, the court found the employee was not immune from suit not because the negligent act occurred in a parking area, but because he was not acting in the course of his employment.

Here, defendant was acting in the course of his employment, at his employer's direction, and in the furtherance of his employer's business. In starting the car to leave the office and make the bank deposit, defendant was acting in the furtherance of his employer's business. Plaintiff claims that because he saw defendant's car at a local tavern–restaurant some 15 minutes after the accident, a genuine issue of material fact is created whether defendant was going to make a bank deposit. However, plaintiff does not show that

defendant did not intend or did not make the bank deposit after leaving the office. In any event, when defendant left the car to answer the telephone and correct a dispatch, he was acting in the course of his employer's business and his later presence at the tavern–restaurant does not change that fact.

No issue of fact having been presented and the court having correctly applied the law to the facts, summary judgment was properly granted.

Affirmed.

MUNSON, C.J., and McINTURFF, J., concur.

Petition for rehearing denied September 7, 1977.