[No. 10115–1–III.   Division Three.   May 1, 1990.]

Kevin Wilson, et al, *Appellants,* v. Robert Boots, *Respondent.*

*William Messer,* for appellants.

*Joel Smith* and *Smith & Hansen,* for respondent.

Munson, C.J.—Kevin and Christine Wilson, husband and wife, appeal the granting of summary judgment to

Robert Boots, contending the court erred in determining no genuine issues of material fact were present in their personal injury action, since the Washington workers' compensation act (Act) provides an exclusive remedy for employees injured by the alleged negligence of a coemployee. We affirm and grant attorney fees to Robert Boots.

On September 10, 1986, Kevin Wilson was employed as a farm laborer for Corkrum & Son. On that day, he was working with coemployees in a field leased by the company near Dixie, Washington. The crew was burning a brome-grass stubble on the field in preparation for planting. Two trucks equipped with water tanks were being used to control the fire which had been intentionally set to form a burn barrier for a larger fire to be set in the future. One vehicle, a 1965 Ford pickup, was being driven by Robert Boots. Mr. Wilson was walking outside the truck operating a water hose. At some point, he walked behind the truck as it was backing and was struck. He sustained serious injuries to his spinal cord.

In addition to filing a claim with the Department of Labor and Industries (Department), for which he received $58,859.01 in benefits, Mr. and Mrs. Wilson brought an action against Mr. Boots for negligence. Mr. Boots moved for summary judgment, which the court granted based on the exclusive remedy provisions of the Act.

The sole issue is whether the court erred in granting Mr. Boots' summary judgment based on the exclusive remedy provision of the Act. We hold it did not.

Under RCW 51.04.010, civil actions are abolished and replaced with the exclusive remedies and benefits provided under the Act:

> The common law system governing the remedy of workers *against employers* for injuries received in employment is inconsistent with modern industrial conditions. . . . The state of Washington, therefore, exercising herein its police and sovereign power, *declares that all phases of the premises are withdrawn from private controversy, . . . and to that end all*

*civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.*

(Italics ours.)

The Act provides for certain exceptions to the abolition of civil actions. Among those exceptions are actions against the employer for intentional injury (RCW 51.24-.020) and actions against third persons pursuant to an election option, wherein a worker may pursue a civil action in lieu of benefits under the Act (RCW 51.24.030).[1] The Wilsons do not allege an intentional injury by the employer here; therefore, the first exception is inapplicable. As to the second exception, RCW 51.24.030(1) is quite specific in its scope:

> If a third person, *not in a worker's same employ,* is or may become liable to pay damages on account of a worker's injury for which benefits and compensation are provided under this title, the injured worker or beneficiary may elect to seek damages from the third person.

(Italics ours.) The plain language of the statute reveals the option for civil litigation is limited to those individuals who are not employed by the same employer as the injured worker. Inferentially, this provision precludes a civil action against a third person in the same employ as the injured worker, *i.e.,* a co–worker.

The Wilsons' contention to the contrary, our courts have emphatically answered the inquiry in the negative:

> It is implicit in the legislature's inclusion of a provision in RCW 51.24.010 allowing a workman injured in the course of his employment by the "negligence or wrong of another not in the same employ" to elect to sue that person, that the legislature intended that one *in* the "same employ" would *not* be susceptible to suit. Had the legislature desired to include provisions stating that one in the same employ might be sued . . . it could

---

[1]Our courts have also held a civil cause of action exists for a worker injured through the intentional tort of a coemployee, despite the exclusive remedy provisions of the Act. *Newby v. Gerry,* 38 Wn. App. 812, 690 P.2d 603 (1984); *see also Eserhut v. Heister,* 52 Wn. App. 515, 762 P.2d 6 (1988). Here, however, the Wilsons failed to plead and do not assert Mr. Boots committed an intentional tort. Therefore, this exception is inapplicable.

have done so. The statutory language, however, does not include qualifications to the "same employ" terminology.

*Peterick v. State,* 22 Wn. App. 163, 190, 589 P.2d 250 (1977), *review denied,* 90 Wn.2d 1024 (1978).

In *Provost v. Puget Sound Power & Light Co.,* 103 Wn.2d 750, 752–53, 696 P.2d 1238, *overruled on other grounds in Stenberg v. Pacific Power & Light Co.,* 104 Wn.2d 710, 709 P.2d 793 (1985), an employee of a power company was severely injured while working on a crew when he was pinned between two company trucks. The injured employee brought a civil action against his co–worker, among others. The court specifically noted the exclusive remedy provision of RCW 51.32.010 bars common law actions against fellow employees and upheld the grant of summary judgment in favor of the co–worker. *Provost,* at 752–53 (citing *Peterick*). *See also Kimball v. Millet,* 52 Wn. App. 512, 513, 762 P.2d 10 (1988), *review denied,* 111 Wn.2d 1036 (1989), in which an injured worker unsuccessfully attempted to characterize the employer/coemployee under a "dual persona" theory in order to circumvent the exclusive remedy provisions.

Despite the existing case law, the Wilsons contend their civil action is appropriate, citing *Taylor v. Redmond,* 89 Wn.2d 315, 571 P.2d 1388 (1977). *Taylor* is distinguishable. There, a police officer brought a negligence suit against a fellow officer for shooting him while in the course of duty. Although the court allowed the civil action, it did so based on the provisions of the Washington Law Enforcement Officers' and Fire Fighters' Retirement System (LEOFF), RCW 41.26, which specifically provided for such a remedy. The court reasoned that police officers do not fall within the perimeter of the exclusive remedy provisions of RCW Title 51, given the superseding provisions of LEOFF. This case does not involve police officers. Thus, *Taylor* has no precedential significance.

■ The Wilsons also assert public policy reasons for allowing this type of suit: (1) the recoupment of public funds whenever possible; (2) full compensation for victims

of auto accidents whenever possible; and (3) the need to honor private insurance. As to the first asserted public policy basis, the Wilsons note the general public would benefit if the Department were able to recoup funds payable by private insurance carriers in such circumstances.[2] While this general benefit to the public is evident, an overriding public policy consideration is that a statute be interpreted to give full effect to the legislative intent. *Condit v. Lewis Refrigeration Co.,* 101 Wn.2d 106, 110, 676 P.2d 466 (1984). Had the Legislature intended to allow civil actions in negligence against coemployees, it could have specifically so provided. *Peterick v. State, supra.*

The same logic applies to the other alleged public policy reasons cited by the Wilsons. The overall legislative intent must govern.[3]

Mr. Boots asks this court to award attorney fees pursuant to RAP 18.9(a), asserting the Wilsons' appeal is frivolous. In considering such a request, we look to the record as a whole and resolve all doubts in favor of the Wilsons. If the court is convinced that no debatable issues are present upon which reasonable minds might differ, and the arguments are so devoid of merit that there is no reasonable possibility of reversal, fees may be assessed. *Streater v. White,* 26 Wn. App. 430, 434–35, 613 P.2d 187, *review denied,* 94 Wn.2d 1014 (1980) and its progeny. While the statutory language in question arguably presents some room for leeway regarding coemployee negligence actions, Washington case law, prevailing at the time this suit was filed, clarified any question which may have remained. The Wilsons failed to address this case law.

---

[2]Under the Act, the Department has a right to reimbursement for benefits expended from damages received by an injured worker in the pursuit of the civil action option. RCW 51.24.030(2) and .050(4)(c). Alternatively, an election not to pursue civil damages against a third party operates as an assignment of the worker's cause of action to the Department, which may pursue the civil action on behalf of the injured worker. RCW 51.24.050(1).

[3]The Wilsons likewise reference the risk of loss provisions of U.C.C. Article 2 in support of their position. RCW 62A.2–510. We find the analogy unconvincing.

Accordingly, we find the appeal frivolous and grant Mr. Boots his attorney fees. Counsel complied with RAP 18.1; at oral argument he requested the opportunity to file an amended affidavit with respect to travel expenses. Inasmuch as oral argument was held in Walla Walla rather than Spokane, his request is granted provided the affidavit is filed within 14 days of the filing of this opinion.

The judgment is affirmed.

GREEN and SHIELDS, JJ., concur.

Review denied at 115 Wn.2d 1015 (1990).