[No. 42343-0-II.   Division Two.   November 27, 2012.]

PAUL H. ORRIS, *Appellant*, v. MICHAEL D. LINGLEY ET AL., *as Personal Representatives and as Notice Agents, Respondents.*

62

*Kent M. Fandel* and *Diane M. Meyers* (of *Graham & Dunn PC*), for appellant.

*Gary A. Trabolsi* (of *Gardner Trabolsi & Associates PLLC*), for respondents.

¶1 WORSWICK, C.J. — Paul Orris was seriously injured in an automobile accident when a truck driven by a co-worker, Matthew Lingley, crashed. He appeals the trial court's summary dismissal of his negligence claim against Lingley's estate. Because there is a genuine issue of material fact whether Lingley was acting in the course of his employment, but not whether Orris was acting in the course of his employment, we reverse summary judgment in part, affirm in part, and remand for further proceedings.

## FACTS

¶2 In August 2007, Orris and Lingley were both employees of Caliber Concrete Construction. Orris was a passenger in a flatbed truck, owned by Caliber and driven by Lingley, when the truck crashed, killing Lingley and seriously injuring Orris.

¶3 On the day of the crash, Orris and Lingley both worked at the same Caliber jobsite. Orris had arrived at the jobsite via carpool with another co-worker. Lingley had driven the Caliber truck to the jobsite because a co-worker he had planned to carpool with was not available. Orris agreed to ride back to Caliber with Lingley because Lingley's cell phone was dead, and Lingley was worried that the truck would break down and leave him stranded. Caliber did not reimburse employees for mileage or pay them to drive to and from jobsites.

¶4 Lingley lost control of the truck and it crashed, killing him. Orris suffered severe injuries, including a fractured pelvis, burns over 50 percent of his body, and injuries that resulted in one of his arms being amputated. The Washington State Patrol concluded that Lingley probably fell asleep at the wheel due to a "combination of DUI [(driving under the influence)], carbon monoxide exposure and fatigue." Clerk's Papers (CP) at 41. An uncertified death investigation toxicology report showed the presence of THC (tetrahydrocannabinol) in Lingley's blood and cannabinoids in Lingley's urine.

¶5 While Orris was in a coma following the crash, Orris's father filled out a Department of Labor and Industries (L&I) form for Orris to obtain industrial insurance benefits. Where the form asked, "Were you doing your regular job?" Orris's father circled "Yes." CP at 143. Also, Orris's father originally wrote that Orris's injury occurred on the way home, but this was crossed out and "returning to shop from work site" was written in its place. CP at 143. Orris's counsel submitted a declaration under penalty of perjury asserting that "[i]t is apparent someone else changed that information" and that the alteration was "clearly" not made in Orris's father's handwriting. CP at 142.

¶6 L&I issued an order in October 2008, allowing Orris industrial insurance benefits. In January and April 2010, Orris personally signed forms attesting he had been unable to work since his accident. Orris collected medical and time loss benefits from L&I.

¶7 Orris sued Lingley's estate, claiming that Lingley's negligence caused the accident. Lingley's estate moved for summary judgment, arguing that the Industrial Insurance Act (Act)[1] precluded Orris's suit. The trial court called for supplemental briefing as to the effect of Orris's receipt of worker's compensation benefits on the case. In its supplemental briefing, Lingley's estate argued that Orris's receipt of benefits barred Orris's suit under the doctrine of judicial estoppel.[2] The trial court granted summary judgment to Lingley's estate. Orris appeals.

## ANALYSIS

### I. STANDARD OF REVIEW

¶8 We review a summary judgment order de novo, engaging in the same inquiry as the trial court. *Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wn.2d 157, 164, 273 P.3d 965 (2012). Summary judgment is appropriate where, viewing all facts and resulting inferences most favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Briggs v. Nova Servs.*, 166 Wn.2d 794, 801, 213 P.3d 910 (2009).

¶9 "A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation." *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). The moving party bears the burden of demonstrating that there is no genuine issue of material fact. *Fitzpatrick v. Okanogan County*, 169 Wn.2d 598, 605, 238 P.3d 1129 (2010).

---

[1] Title 51 RCW.

[2] Lingley's estate does not argue on appeal that summary judgment was appropriate based on judicial estoppel. Lingley's estate argues only that the trial court did not rely on judicial estoppel. By failing to brief the argument that judicial estoppel was an appropriate basis for summary judgment, Lingley's estate has abandoned it on appeal and we do not address judicial estoppel. *Holder v. City of Vancouver*, 136 Wn. App. 104, 107, 147 P.3d 641 (2006).

## II. Course of Employment

¶10 Orris argues that there are genuine issues of material fact whether he or Lingley were acting in the course of employment when the crash occurred. Lingley's estate argues that Orris's receipt of benefits under the Act makes such benefits his exclusive remedy, precluding a lawsuit against a co-worker's estate. We agree with Orris that there is a genuine issue of material fact whether Lingley was acting in the course of employment and, thus, whether the Act allows Orris to maintain an action against Lingley's estate. But we hold that the Act's exclusive remedy provisions preclude Orris's claim that he himself was acting outside the course of employment.

### A. *The Act's Limitation on Remedies*

¶11 RCW 51.32.010 of the Act allows workers' compensation benefits for a worker injured "in the course of his or her employment." Such benefits "shall be in lieu of any and all rights of action whatsoever against any person whomsoever." RCW 51.32.010. Thus, "[a] worker who receives workers' compensation benefits under the [A]ct has no separate remedy for his or her injuries except where the [A]ct specifically authorizes a cause of action." *Tallerday v. Delong*, 68 Wn. App. 351, 356, 842 P.2d 1023 (1993).

¶12 Under RCW 51.24.030, an injured worker may bring an action against "a third person, *not in a worker's same employ*" to recover for injuries for which the worker has received benefits under the Act. (Emphasis added.) Because Orris and Lingley were in the same employ, Orris would ordinarily be unable to bring a third party action against Lingley. However, " '[i]f both employees have a common employer but the negligent employee is not acting in the course of his employment at the time the injury occurs,' " the negligent employee is not immune from suit by the injured employee. *Evans v. Thompson*, 124 Wn.2d 435,

444, 879 P.2d 938 (1994) (quoting *Taylor v. Cady*, 18 Wn. App. 204, 206, 566 P.2d 987 (1977)). The Act defines "acting in the course of employment" as "the worker acting at his or her employer's direction or in the furtherance of his or her employer's business . . . ." RCW 51.08.013.

## B. *Lingley's Status*

¶13 The material question here is whether Lingley was acting in the course of his employment when the crash occurred. If he was not, then the Act authorizes Orris to maintain a third party action against Lingley's estate.

¶14 Orris contends that the THC and cannabinoids found in Lingley's body create a genuine issue of fact whether Lingley was so intoxicated that he abandoned the course of employment. Orris is correct.

¶15 Intoxication removes an employee from the course of employment if the employee becomes so intoxicated that he has abandoned his employment. *Flavorland Indus., Inc. v. Schumacker*, 32 Wn. App. 428, 434, 647 P.2d 1062 (1982). Lingley's estate argues that the death investigation toxicology report showing the presence of THC and cannabinoids in Lingley's body was both inadmissible and insufficient to create an issue of fact whether Lingley abandoned the course of employment. But Lingley's estate did not preserve the issue of the report's admissibility, and it cites no applicable law that the report represents insufficient evidence of intoxication.

¶16 Lingley's estate argues that the death investigation toxicology report is inadmissible because it is uncertified. Courts may not consider inadmissible evidence when ruling on motions for summary judgment. *Cano-Garcia v. King County*, 168 Wn. App. 223, 249, 277 P.3d 34, *review denied*, 175 Wn.2d 1010, 287 P.3d 594 (2012). But Lingley's estate did not move to strike the toxicology report below.

¶17 "If a party fails to object or bring a motion to strike deficiencies in affidavits or other documents in support of a

motion for summary judgment," the party fails to preserve any such deficiencies. *Bonneville v. Pierce County*, 148 Wn. App. 500, 509, 202 P.3d 309 (2008). Lingley's estate failed to preserve the argument that the death investigation toxicology report was inadmissible.

¶18 Lingley's estate also argues that the evidence of THC and cannabinoids in Lingley's body is insufficient evidence of Lingley's intoxication to create a genuine issue of material fact. Lingley's estate relies on *Faust v. Albertson*, 167 Wn.2d 531, 222 P.3d 1208 (2009), for this argument. But *Faust* is inapplicable here.

¶19 In *Faust*, our Supreme Court noted that a person's blood alcohol level does not by itself "establish a triable issue of fact regarding *apparent* intoxication." 167 Wn.2d at 542-43 (emphasis added). Apparent intoxication is relevant to civil suits for the violation of RCW 66.44.200, which prohibits the sale of alcohol to persons who are apparently under the influence of alcohol. 167 Wn.2d at 538. But there is no issue of *apparent* intoxication here.

¶20 The question here is whether Lingley was so intoxicated that he abandoned his employment. *Flavorland Indus.*, 32 Wn. App. at 434. Taking the evidence in the light most favorable to Orris, the death investigation toxicology report creates a genuine issue of material fact on this point. *See Flavorland Indus.*, 32 Wn. App. at 434 (whether employee's intoxication constituted abandonment of employment was a factual question for the jury). As such, there is a genuine issue of material fact whether Lingley had abandoned the course of employment by becoming intoxicated before the crash occurred.

■■ ¶21 Also, although the parties did not brief the issue, at oral argument, Orris argued that an employee commuting to and from work is generally acting *outside* the course of employment. Orris was correct; an employee commuting to and from work in his or her own vehicle is generally outside the course of employment. *Belnap v. Boeing Co.*, 64 Wn. App. 212, 221-22, 823 P.2d 528 (1992). An

employee driving an employer-furnished vehicle may be acting in the course of employment during his or her commute, but not if the vehicle is furnished solely for the employee's convenience and not incident to contract or in furtherance of the employer's business. *Westinghouse Elec. Corp. v. Dep't of Labor & Indus.*, 94 Wn.2d 875, 880, 621 P.2d 147 (1980); *Superior Asphalt & Concrete Co. v. Dep't of Labor & Indus.*, 19 Wn. App. 800, 803, 578 P.2d 59 (1978).

¶22 The record indicates that Caliber allowed Lingley to drive the flatbed truck for his convenience because Lingley's expected carpool was not available. The record is silent on whether Lingley was acting in furtherance of Caliber's business by driving the truck. This creates an issue of fact whether Lingley was acting in the course of employment by driving the Caliber truck to and from the jobsite.

¶23 In sum, there are genuine issues of material fact whether Lingley was acting in the course of employment based on the evidence of his intoxication and based on his driving the Caliber truck back to Caliber. These factual issues must be resolved to determine whether Orris may maintain a third party action against Lingley under RCW 51.24.030. We reverse summary judgment in part on this basis.

## C. *Orris's Status*

¶24 Although there are genuine issues of material fact as to Lingley's status, there is no genuine issue of material fact whether Orris was acting in the course of employment. Orris's receipt of benefits makes worker's compensation his exclusive remedy, except where the Act specifically authorizes an alternate remedy. *Tallerday*, 68 Wn. App. at 356. Our Supreme Court has recognized that an injured employee may sue a negligent coemployee when the coemployee was acting outside the course of employment. *Evans*, 124 Wn.2d at 444. But there is no corresponding rule that an injured employee who has received benefits may

sue a negligent coemployee when *the injured employee* was acting outside the course of employment.

¶25 The Act's strong and unequivocal language forecloses Orris from bringing a tort suit premised on the argument that he was outside the course of employment after accepting substantial L&I benefits. RCW 51.04.010 provides:

> The common law system governing the remedy of workers against employers for injuries received in employment is inconsistent with modern industrial conditions. In practice it proves to be economically unwise and unfair. Its administration has produced the result that little of the cost of the employer has reached the worker and that little only at large expense to the public. The remedy of the worker has been uncertain, slow and inadequate. Injuries in such works, formerly occasional, have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wage worker. The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

It is difficult to imagine a more complete legislative repudiation of the claim Orris now wishes to bring: that he was not entitled to the industrial insurance benefits he received and may thus maintain a tort action in complete disregard of the Act.

¶26 At oral argument, Orris emphasized that he was in a coma when the paperwork for his L&I benefits was processed, asserting that it would be inequitable to hold him to the Act's exclusive remedy under such facts. If Orris had repudiated and repaid or attempted to repay the

benefits at any point after he awoke from his coma, we might be tempted to agree. But he accepted the benefits, apparently without voicing any misgivings over whether he was truly in the course of employment during the accident. While we are not without sympathy for Orris, especially considering the extremely serious injuries he suffered through no fault of his own, we will not disregard the Act's exclusive remedy provisions.

¶27 Because Orris's acceptance of industrial insurance benefits precludes all remedies except those specifically authorized, Orris cannot recover from Lingley by showing that Orris himself was acting outside the course of employment. Orris is limited to the claim authorized by the Act: his third party claim premised on the argument that Lingley was acting outside the course of employment. There is accordingly no genuine issue of material fact whether Orris was acting within the course of employment, and we affirm summary judgment in part on this basis.[3]

¶28 Reversed in part, affirmed in part, and remanded.

HUNT and VAN DEREN, JJ., concur.

Reconsideration denied January 18, 2013.

Review denied at 177 Wn.2d 1020 (2013).

---

[3] We also note that if Orris collected L&I benefits based on willful misrepresentations, he could be subject to penalties and be required to repay the benefits. RCW 51.32.240(5).