# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

FRANCISCO ENTILA and ERLINDA ENTILA, husband and wife, and the marital community composed thereof,

Appellants,

v.

GERALD COOK and JANE DOE COOK, husband and wife, and the marital community composed thereof,

Respondents.

No. 73116-5-I

DIVISION ONE

PUBLISHED OPINION

FILED: October 5, 2015

LEACH, J. — Francisco Entila appeals the trial court's summary dismissal of his tort claim against his fellow employee, Gerald Cook, and its consideration of challenged evidence. The trial court decided that RCW 51.08.013 provided Cook immunity if the alleged tort occurred on the jobsite. Because Cook must also show that he was working at the time to establish immunity, we reverse.

The trial court considered Entila's receipt of workers' compensation benefits when deciding Cook's motion to dismiss. RCW 51.24.100 and the collateral source rule bar consideration of this evidence in a third-party tort action. The trial court erred when it did so.

FACTS

Just after 6:30 a.m. on February 18, 2010, Cook left his work shift at Boeing and walked to his car to go home. He drove out of the Boeing parking lot onto a Boeing access road. Cook had not cleared his frosted windshield. He did not see Entila, another Boeing employee who had just finished his shift, crossing the access road. Cook's vehicle struck and injured Entila.[1]

Allstate insured Cook. Allstate claimed coemployee immunity barred Entila's injury claim against Cook. Entila disagreed. Entila filed suit on October 11, 2012. On October 12, 2012, he filed a motion for summary judgment on the immunity issue. On February 14, 2013, the trial court denied the motion, concluding that the issue presented a disputed question of fact for the jury. After a new judge was assigned the case, Allstate filed a motion for summary judgment. This judge dismissed Entila's lawsuit, concluding that Cook had immunity.

Entila appeals.

---

[1] Cook has moved to strike allegedly improper references to extraneous facts in Entila's opening brief. As we noted in O'Neill v. City of Shoreline, 183 Wn. App. 15, 24, 332 P.3d 1099 (2014), motions to strike waste everyone's time when there is an opportunity (as there was here) to include argument in the party's brief identifying the allegedly extraneous materials. We deny Cook's motion.

STANDARD OF REVIEW

We review a trial court's summary judgment order and associated evidence rulings de novo.[2] We perform the same inquiry as the trial court, viewing all facts and drawing all inferences in favor of the nonmoving party.[3] CR 56(c) requires summary judgment when the pleadings, affidavits, depositions, and admissions on file demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. We review issues of statutory interpretation de novo, with the goal of giving effect to the legislature's intent.[4]

ANALYSIS

This case tests the boundary for coemployee tort immunity. Entila contends that the tortfeasor must be performing work for the employer at the time of injury to have immunity. Cook asserts that RCW 51.08.013's broader definition of "acting in the course of employment" determines if a coemployee tortfeasor has immunity. We agree with Entila.

The Industrial Insurance Act (IIA), Title 51 RCW, entitles workers injured in the course of employment to compensation "in lieu of any and all rights of action whatsoever against any person whomsoever."[5] But the act also provides that if a

---

[2] Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).
[3] Folsom, 135 Wn.2d at 663.
[4] Burns v. City of Seattle, 161 Wn.2d 129, 140, 164 P.3d 475 (2007).
[5] RCW 51.32.010.

-3-

third person, not in the same employ, is liable for the worker's injury, the worker may elect to recover damages from the third person.[6] Washington courts have limited the "not in the same employ" restriction. To establish coemployee immunity, a tortfeasor must prove two things: (1) that the tortfeasor and the injured person had the same employer and (2) that the tortfeasor was acting in the scope and course of his or her employment at the time of injury.[7]

Here, the parties dispute how a court decides if a coemployee is acting in the scope and course of employment when resolving an immunity claim. Cook asserts that a court must use the RCW 51.08.013(1) definition of "acting in the course of employment." Entila contends that this definition only applies when deciding if an injured worker is entitled to compensation. He argues a worker claiming immunity must prove more—that he was performing work for the employer at the time of injury.

RCW 51.08.013(1) defines "acting in the course of employment":

> "Acting in the course of employment" means the worker acting at his or her employer's direction or in the furtherance of his or her employer's business which shall include time spent going to and from work on the jobsite, as defined in RCW 51.32.015 and 51.36.040, insofar as such time is immediate to the actual time that the worker is engaged in the work process in areas controlled by his or her employer, except parking area. It is not necessary that at the time an injury is sustained by a worker he or she is doing the work on which his or her compensation is based or that the event is

---

[6] RCW 51.24.030(1).
[7] Evans v. Thompson, 124 Wn.2d 435, 444, 879 P.2d 938 (1994).

within the time limits on which industrial insurance or medical aid premiums or assessments are paid.

While this definition applies to all provisions of Title 51 RCW,[8] it does not answer our question. Unfortunately for our analysis, the phrase the legislature defined does not include all words contained in the second part of the court's test— "acting in the scope and course of employment."

Neither the text nor the structure of the applicable statutes provides an answer. Therefore, we look to legislative purpose and history for guidance. Because the IIA is remedial in nature, courts liberally construe its provisions "'in order to achieve its purpose of providing compensation to all covered employees injured in their employment, with doubts resolved in favor of the worker.'"[9] Additionally, the legislature has shown a strong policy in favor of third-party actions.[10] These considerations support narrow immunity for coemployees.

The Washington Supreme Court has described the purpose of RCW 51.08.013:

It is clear that the legislature, in enacting the pertinent legislation, intended to extend coverage to employees injured while going to and from work on the employer's premises, and to exclude

---

[8] RCW 51.08.010 (words used in Title 51 RCW "shall have the meaning given in this chapter").

[9] Dep't of Labor & Indus. v. Rowley, 185 Wn. App. 154, 161, 340 P.3d 929 (2014) (quoting Dennis v. Dep't of Labor & Indus., 109 Wn.2d 467, 470, 745 P.2d 1295 (1987)), review granted, 183 Wn.2d 1007 (2015).

[10] Evans, 124 Wn.2d at 437 ("These legislative declarations mandate policy decisions by the courts which give appropriate recognition to the third party action.").

from coverage injuries occurring to an employee in a parking area maintained either on or off the employer's premises.[11]

While RCW 51.08.013 eliminated the requirement that a worker be performing work for the employer when injured to qualify for compensation, nothing in the history leading to this statute's enactment[12] suggests that the legislature intended that it also expand the scope of coemployee immunity. Given the legislative policy favoring third-party actions, one would expect any expansion of immunity to be clearly stated.

Entila relies on Olson v. Stern.[13] This case also arose out of a collision in a Boeing parking lot. Olson, a worker performing his job, operated a motor scooter, and Stern, an office worker on his way home, drove his personal car. These vehicles collided in the parking lot.[14] The trial court dismissed Olson's personal injury claim against Stern on the basis of coemployee immunity.[15] The Supreme Court reversed and remanded for trial.[16]

The court identified two reasons for its decision. First, although Olson was "'acting in the course of employment'" and covered by workers' compensation, the parking lot was not Stern's jobsite and he was not covered by worker's

---

[11] In re Hamilton, 77 Wn.2d 355, 362, 462 P.2d 917 (1969).
[12] See Hamilton, 77 Wn.2d at 359-62.
[13] 65 Wn.2d 871, 400 P.2d 305 (1965).
[14] Olson, 65 Wn.2d at 872.
[15] Olson, 65 Wn.2d at 874.
[16] Olson, 65 Wn.2d at 877.

compensation statutes.[17] Second, at the time of the collision, Stern was "neither 'acting at his employer's direction' nor 'in the furtherance of his employer's business.'"[18] The court concluded its opinion with the following pertinent observations:

> That respondent Sam Stern and appellant Arthur Olson had the same employer became thus a matter of pure coincidence, a remote relationship giving rise to no legal rights and upon which no duties or immunities between them depended. Respondent Sam Stern, being at the time neither a workman in the course of his employment nor as to him in an area covered by workmen's compensation, was as a stranger both to appellant Arthur Olson and the Workmen's Compensation Act. So being, he derived no immunity from suit under the Workmen's Compensation Act. Appellants' action against him was accordingly maintainable as against a third party.[19]

Cook claims that the court found no immunity in Olson because the collision occurred in a parking lot. As a result, Stern could not satisfy the statutory definition of "acting in the course of employment." Entila and Cook each claim a court of appeals decision supports his reading of Olson.

Entila cites Taylor v. Cady[20] for the proposition that an employee's work status, and not the place of an accident, determines the employee's immunity. Taylor sued Cady for injuries he suffered in their common employer's parking

---

[17] Olson, 65 Wn.2d at 877.
[18] Olson, 65 Wn.2d at 877.
[19] Olson, 65 Wn.2d at 877.
[20] 18 Wn. App. 204, 566 P.2d 987 (1977).

lot.[21]  Taylor appealed the dismissal of his lawsuit on the basis of Cady's coemployee immunity.[22]  Taylor claimed that Cady had no immunity because RCW 51.08.013 excludes a parking lot from the definition of "acting in the course of employment."[23]  Division Three of this court affirmed the dismissal.  In rejecting Taylor's argument, the court stated that the Olson court rejected Stern's immunity claim because he was not acting in the course of his employment, not because the collision occurred in a parking lot.[24]  As a result, the court concluded that a worker causing an accident in a parking lot had coemployee immunity if he was performing work at the time of the accident.[25]

Cook responds with Heim v. Longview Fibre Co.[26]  The Heim court disagreed with Division Three's reading of Olson:

> We believe that the trial court and respondent have incorrectly construed the ruling in *Olson*.  There is some support for their reading of *Olson* in *Taylor v. Cady,* 18 Wn. App. 204, 566 P.2d 987 (1977), which interpreted *Olson* as restricting the definition of "course of employment."  However, we believe that the better view of *Olson* is that the worker was not covered because the accident occurred in a "parking area," and, therefore, under the express provision of RCW 51.08.013, there was no coverage, despite the fact that he may still have been on the jobsite while leaving work.  In other words, but for the express parking area exception, the worker in *Olson* would have had coverage because he was acting

---

[21] Taylor, 18 Wn. App. at 205.
[22] Taylor, 18 Wn. App. at 204-05.
[23] Taylor, 18 Wn. App. at 206.
[24] Taylor, 18 Wn. App. at 207.
[25] Taylor, 18 Wn. App. at 207-08.
[26] 41 Wn. App. 745, 707 P.2d 689 (1985).

in the course of employment while on the employer's premises under the "going and coming" rule.[27]

This quotation appears to reflect some confusion about the issue in <u>Olson</u>. The <u>Olson</u> court did not resolve coverage for the injured worker, Olson, but immunity for Stern. Additionally, the <u>Heim</u> opinion addresses the issue of coverage for a worker injured off the jobsite and not engaged in work.

Our Supreme Court's observations about the purpose of coemployee immunity in the context of officers and directors provide more guidance than <u>Taylor</u> or <u>Heim</u>:

> The purpose of the exclusive remedy provision of the workers' compensation law is to give immunity to the employer and coemployees acting in the scope and course of their employment. Its purpose is not to create artificial immunity to one whose only connection with the corporate employer's business is having his or her name on a piece of paper as an officer and/or director. To provide immunity as a matter of law denies the right of a third party action against the person actually responsible for the injury or death. That would frustrate the direction of the Legislature that the Department be reimbursed from proceeds of such third party action.[28]

These observations seem equally applicable to Cook. Cook's only connections with his employer at the time were the place he parked his car and the route he chose to leave the parking lot. Like Stern in <u>Olson</u>, Cook was a stranger to his coemployee and the IIA. Given the purpose of coemployee

---

[27] <u>Heim</u>, 41 Wn. App. at 748.
[28] <u>Evans</u>, 124 Wn.2d at 447.

immunity, our case law's clear requirement that an employee acted within both the course and scope of employment to establish immunity, the legislative preference for third-party actions, and the absence of any legislative history supporting Cook's position, we conclude that the trial court erred. To establish immunity, Cook must show that he was doing work for Boeing at the time of the accident.

Entila finally argues that RCW 51.24.100 and the common law collateral source rule barred the trial court from considering evidence of Entila's receipt of benefits to determine Cook's immunity. Cook responds that those rules do not apply when litigating coemployee immunity.

RCW 51.24.100 states,

> The fact that the injured worker or beneficiary is entitled to compensation under this title shall not be pleaded or admissible in evidence in any third party action under this chapter. Any challenge of the right to bring such action shall be made by supplemental pleadings only and shall be decided by the court as a matter of law.

This statute clearly prohibits evidence that Entila received benefits.

Additionally, the common law collateral source rule also bars admission of evidence of any payment that does not come from the tortfeasor.[29] Washington courts uniformly apply the collateral source rule in compensation claims and

---

[29] <u>Johnson v. Weyerhaeuser Co.</u>, 134 Wn.2d 795, 798, 953 P.2d 800 (1998).

personal injury cases.[30] Both this rule and RCW 51.24.100 barred consideration of Entila's receipt of benefits to decide Cook's immunity. Also, as reflected in Olson, this evidence was not relevant to whether Entila could sue Cook because an injured worker's eligibility for benefits does not resolve a coemployee's immunity claim.[31]

Cook argues that Orris v. Lingley[32] allows consideration of this evidence. We disagree. As authorized by RCW 51.24.100, the Orris court considered this evidence to decide the threshold question of whether the exclusive remedy provisions of the IIA applied to Orris.[33] Because Orris had accepted benefits, he could not deny that the act applied to his third-party claim.[34] The court did not consider this evidence to resolve an issue of coemployee immunity. Entila has not made any claim that the act does not apply to his claim against Cook. Instead, he asserts that the act does not provide Cook with immunity.

## CONCLUSION

Because a tortfeasor claiming coemployee immunity must show that he was doing work for the employer to establish this immunity and Cook has not

---

[30] Johnson, 134 Wn.2d at 804-05.
[31] Olson, 65 Wn.2d at 877.
[32] 172 Wn. App. 61, 288 P.3d 1159 (2012).
[33] Orris, 172 Wn. App. at 69-71.
[34] The Orris opinion does not reflect that Orris objected to the court's consideration of this evidence. Thus, neither the trial court nor the reviewing court was asked to consider the application of RCW 51.24.100.

done so, we reverse and remand for further proceedings consistent with this opinion.

_Leach, J._

WE CONCUR:

_Schindler, J._

_Cox, J._