**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| DONALD R. PATTEE, JR., | No. 84838-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| GLEN AARON FISHER, AARON FISHER, GLENN FISHER, AND JOHN DOE, | |
| Respondents. | |

FELDMAN, J. — Donald R. Pattee, Jr. appeals the trial court's order denying his motion for partial summary judgment, granting Glen Aaron Fisher's motion for summary judgment, and dismissing Pattee's tort claims stemming from a workplace dog bite incident. Pattee argues the trial court erred in ruling that Fisher (Pattee's coworker at the time of the alleged tortious conduct) is immune from suit by Pattee under the Washington Industrial Insurance Act ("IIA" or the "Act"), Title 51 RCW. Because the trial court correctly interpreted and applied the IIA to the undisputed facts, we affirm.

This court reviews "summary judgment orders de novo, engaging in the same inquiry as the trial court." *Desranleau v. Hyland's, Inc.*, 10 Wn. App. 2d 837, 842, 450 P.3d 1203 (2019). "Summary judgment is warranted only when there is

no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). The facts and all reasonable inferences are viewed in the light most favorable to the nonmoving party." *Id*. Statutory interpretation is also a legal issue that we review de novo. *Entila v. Cook*, 187 Wn.2d 480, 483, 386 P.3d 1099 (2017).

Under the IIA, "both employers and co-workers are immune from common law suit by an injured worker." *Daniels v. Seattle Seahawks*, 92 Wn. App. 576, 581, 968 P.2d 883 (1998). But the Act permits an injured worker to sue a coworker if the injured worker can prove that the coworker "is 'not in a worker's same employ.'" *Id.* (quoting RCW 51.24.030(1)). A coworker is in the "same employ" as the injured worker if the coworker "can show (1) he had the same employer as the injured person and (2) he was acting in the 'scope and course of his or her employment' at the time of injury." *Entila*, 187 Wn.2d at 487 (quoting *Evans v. Thompson*, 124 Wn.2d 435, 444, 879 P.2d 938 (1994)). Thus, where an alleged tortfeasor employee such as Fisher "was performing duties for his employer," the employee is immune from suit. *Id.*

The trial court here correctly dismissed Pattee's tort claims against Fisher under the IIA's immunity provisions. In the parties' joint statement of stipulated facts submitted to the trial court for purposes of deciding the parties' competing motions for summary judgment, Pattee conceded several dispositive facts: (1) the parties were coworkers employed by Google; (2) Pattee was a technical program manager, and Fisher was a software engineer; (3) the parties were at work on a Google campus at the time of the incident; (4) Google permitted Fisher to bring his

dog to work; and (5) both parties were "performing duties in the course and scope of their employment" when Fisher's dog bit and injured Pattee. Because there is no dispute that Fisher had the same employer as Pattee and was acting in the "scope and course" of employment at the time of the alleged tortious conduct, Fisher was in the "same employ" as Pattee within the meaning of RCW 51.24.030 and, thus, immune from liability under the Act.

Despite acknowledging in the trial court that Fisher was "performing duties in the course and scope of [his] employment" at the time of the alleged tortious conduct, Pattee argues that Fisher is not entitled to immunity under the IIA because Fisher's dog "had nothing to do with employment" and was not "furthering any interest of the employer." The obvious flaw in this argument is that Fisher (not his dog) is the named defendant and alleged tortfeasor, and the coworker immunity analysis under RCW 51.24.030 focuses on whether "the *alleged tortfeasor employee* . . . was doing work or acting at the direction of his or her employer." *Entila*, 187 Wn.2d at 487 (emphasis added). Pattee acknowledges that Fisher "brought his dog to work as was permitted by his employer" and was "performing the duties required by his employment with Google when [his] dog bit [Pattee]." On this record, Pattee's attempt to circumvent the IIA's immunity provisions by focusing on Fisher's dog rather than the alleged tortfeasor employee easily fails.

Pattee also argues that Washington's dog bite statute, RCW 16.08.040, overrides the IIA's immunity provisions by imposing strict liability on owners of dogs that bite another person. This argument fails based on the plain language of the IIA, which expressly applies "regardless of questions of fault and to the exclusion

of every other remedy, proceeding or compensation" and adds that "all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided." RCW 51.04.010. Consistent with the plain language of the Act, Washington courts have "emphatically" enforced its immunity provisions where, as here, an injured worker files a civil action against a coworker in the same employ as the injured worker. *Wilson v. Boots*, 57 Wn. App. 734, 736, 790 P.2d 192 (1990). Because Fisher is immune under the IIA, Pattee may not sue him under the dog bite statute.

Lastly, citing *Evans v. Thompson*, 124 Wn.2d 435, 879 P.2d 938 (1994), Pattee argues that the "dual persona" doctrine permits him to circumvent the IIA's immunity provisions. Under the dual persona doctrine, "an employer may become a third person, vulnerable to tort suit by an employee, if—and only if—he possesses a second persona so completely independent from and unrelated to his status as an employer that by established standards the law recognizes it as a separate legal person." *Corr v. Willamette Indus., Inc.*, 105 Wn.2d 217, 220-21, 713 P.2d 92 (1986) (quoting 2A A. Larson, *Workmen's Compensation*, § 72.81 (1983)). In *Evans*, the court held that under the dual persona doctrine, a nominal corporate officer—who did not engage in any of the day-to-day operations of the business and was, therefore, not a bona fide employer or co-employee of the injured workers—could be sued in her separate and independent persona as a landowner when a defect in the premises was the alleged cause of the workers' injuries. 124 Wn.2d at 438-44. Here, in contrast, Fisher was Pattee's co-employee doing the same work for the same purpose as Pattee when Pattee was injured,

and Fisher brought his dog to work as was permitted by the parties' common employer. Just as we did in *Daniels*, "we find the facts in *Evans* and this case are worlds apart and, therefore, decline to extend *Evans* here." 92 Wn. App. at 586.

Affirmed.

Feldman, J.

WE CONCUR:

Smith, C.J.

Dwyer, J.